UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRISITA RAGAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-713** |
| **MERCEDES-BENZ SUPERDOME, et al.** | **SECTION: "G"(1)** |

## ORDER

Defendant SMG Worldwide Entertainment and Conference Venue Management ("SMG") removed this action from the Civil District Court for the Parish of Orleans, State of Louisiana, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Finding that the notice of removal lacked sufficient information to support subject matter jurisdiction, the Court ordered SMG to submit briefing regarding the citizenship of SMG and summary-judgment-type evidence regarding the amount in controversy at the time of removal.[2] In response to the Court's order, SMG filed a "Memorandum in Support of Jurisdiction Under 28 U.S.C. § 1332" (the "Response").[3] Having considered the notice of removal, the Response, and the applicable law, the Court finds that Defendant has not established that the Court has subject matter jurisdiction over this matter. Accordingly, this case is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I. Background

This personal injury action arises out of an accident involving an escalator in New Orleans,

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 7.

[3] Rec. Doc. 10.

1

Louisina.[4] Plaintiff Terrisita Ragas ("Plaintiff") originally filed this action against Defendants Mercedez-Benz Superdome, the Louisiana Stadium & Exposition District ("LSED"), and XYZ Insurance Company ("XYZ") in the Civil District Court for the Parish of Orleans, State of Louisiana (the "CDC").[5] Plaintiff filed an amended petition in the CDC naming LSED, XYZ and SMG as defendants.[6] Plaintiff then voluntarily dismissed the claim against LSED, reserving all rights against SMG.[7] SMG, the sole defendant, removed the action to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[8] On April 26, 2021, the Court found that the notice of removal lacked sufficient information to support subject matter jurisdiction, and the Court ordered Defendant to submit briefing regarding the citizenship of SMG and summary-judgment-type evidence regarding the amount in controversy at the time of removal.[9] On May 10, 2021, SMG filed the Response.[10]

## II. Legal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[11] The removing party bears the burden of demonstrating that federal jurisdiction exists.[12] In assessing whether removal was appropriate, the Court is guided by

---

[4] Rec. Doc. 1-2.

[5] Rec. Doc. 1-2.

[6] Rec. Doc. 1-3.

[7] Rec. Doc. 1-8.

[8] Rec. Doc. 1.

[9] Rec. Doc. 9.

[10] Rec. Doc. 11.

[11] *See* 28 U.S.C. § 1441(a).

[12] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[13]

The Supreme Court has stated, "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[14] Thus, if a plaintiff claims that he is seeking a sum less than $75,000, the burden is on the defendant to show that the plaintiff's claim was not made in good faith for the purpose of establishing that jurisdiction is proper in federal court.[15]

Likewise, under Fifth Circuit law, when the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[16] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[17] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[18]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[19] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a

---

[13] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[14] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

[15] *Id*.

[16] *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289).

[17] *Id.*

[18] *Id.*

[19] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

finding of the requisite amount."[20] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[21] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[22]

### III. Analysis

In the Response, SMG asserts that SMG is a citizen of Delaware and Pennsylvania and is therefore diverse from Plaintiff, a Louisiana citizen.[23] With respect to the amount in controversy requirement, SMG offers evidence that the cost of Plaintiff's past and impending medical treatment totals $40,618—a figure well below the $75,000 amount in controversy requirement for removal.[24] Nevertheless, SMG contends that "[g]eneral damages in a case involving the abovementioned medical injections may be placed in the range of $43,600.00 to $87,500.00" and "[s]hould Plaintiff receive a surgery recommendation and decide to proceed with treatment accordingly, general damages may be placed in the range of $50,000.00 to $195,000.00."[25]

In support, SMG cites to cases decided by Louisiana state courts regarding damages awards that are not binding upon this Court.[26] In addition, SMG's assertion that Plaintiff may receive a surgery recommendation and decide to proceed with treatment accordingly is too speculative to

---

[20] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[21] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[22] *Allen*, 63 F.3d at 1335.

[23] Rec. Doc. 11 at 1–2.

[24] *Id.* at 5.

[25] *Id.*

[26] *Id.*

support a finding of subject matter jurisdiction in this Court. Moreover, SMG's speculation of general damages that Plaintiff could recover is insufficient to establish subject matter jurisdiction.[27]

The burden on removing defendants "to produce information" that the amount in controversy exceeds $75,000 is an "affirmative" one.[28] Moreover, the Fifth Circuit has made clear that Plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [a defendant] of [its] burden to support federal jurisdiction at the time of removal."[29] Accordingly, the Court finds that SMG has not provided sufficient evidence that the amount in controversy is satisfied in this case.

## IV. Conclusion

For the reasons stated above, SMG has not met its burden of establishing that the actual amount in controversy exceeds $75,000. Thus, it appears that based on the facts and evidence available at the time of removal, this Court lacks subject matter jurisdiction over this action. Accordingly,

---

[27] *Lee v. Standard Fire Ins. Co.*, No. CV 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[28] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000." (internal citation and quotation marks omitted)).

[29] *Id*.

**IT IS HEREBY ORDERED** that the above-captioned matter, 21-CV-713, is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  28th   day of May, 2021.

                                        *[signature]*
                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**